**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Peter SPITZ, Defendant-Appellant.**

**No. 81–5306.**

United States Court of Appeals, Eleventh Circuit.

Jan. 24, 1983.

Kogan & Cogan, Dennis J. Cogan, Philadelphia, Pa., for defendant-appellant.

Bruce Zimet, Asst. U.S. Atty., Miami, Fla., for plaintiff-appellee.

Before RONEY and JOHNSON, Circuit Judges, and DYER, Senior Circuit Judge.

PER CURIAM:

Spitz appeals his conviction of conspiracy to import marijuana into the United States in violation of 18 U.S.C. § 963. He does not challenge the sufficiency of the evidence to support his conviction, but claims error in the continuation of the poll of the jury after its lack of unanimity was revealed. We agree and reverse.

The jury informed the court that it had reached a verdict, returned to the courtroom, and a guilty verdict was returned. At the defendant's request the jurors were polled in the numerical order of their seating. The first seven jurors assented to the verdict. Thereafter the following occurred:

The Clerk: Roberta A. McNeil, is the verdict as published as to Peter Spitz your verdict?

Juror: No.

The Court: Well, let's poll the remainder of the jury, please, and come back.

The remaining four jurors assented to the verdict. The court continued:

The Court: All right. You may be seated, ladies and gentlemen. Roberta McNeil, would you please stand. You have indicated that this is not your verdict, is that correct?

Juror: Yes, sir.

The Court: All right. Now ladies and gentlemen of the jury...

The court then proceeded to give the "approved" *Allen* charge, during which he told Mrs. McNeil that she could sit down. The jury then retired and returned a half hour later with a unanimous guilty verdict.

Fed.Rule Cr.Proc. rule 31(d) provides: If upon the poll there is not unanimous concurrence, the jury may be directed to return for further deliberation or may be discharged.

The purpose of the rule is to insure that each member of the jury agrees with the verdict and to discover possible coercion. *United States v. Edwards,* 469 F.2d 1362 (5 Cir.1972). But the effect of what the court did in this instance, by continuing the poll for no reason at all, was to establish how the jury stood numerically. To do so was per se error. In *Brasfield v. United States,* 272 U.S. 448, 47 S.Ct. 135, 71 L.Ed. 345, the Court in unequivocal language condemned such inquiry saying:

We deem it essential to the fair and impartial conduct of the trial, that the inquiry itself should be regarded as ground for reversal. Such procedure serves no useful purpose that cannot be attained by questions not requiring the jury to reveal the nature or extent of its division. The effect upon a divided jury will often depend upon circumstances which cannot properly be known to the trial judge or to the appellate courts and may vary widely in different situations, but in general its tendency is coercive. It can rarely be resorted to without bringing to bear in some degree, serious al-

though not measurable, an improper influence upon the jury, from whose deliberations every consideration other than that of the evidence and the law as expounded in a proper charge, should be excluded. Such a practice, which is never useful and is generally harmful, is not to be sanctioned.

We were faced with a somewhat similar problem in *Sincox v. United States*, 571 F.2d 876 (5 Cir.1978), in which a juror responded to a poll of the published verdict, "Yes. With a reasonable doubt." The court then polled the remaining jurors and accepted a verdict of guilty. We reversed, saying, "When Juror Lewis was polled and stated that he had a reasonable doubt the trial judge had the duty either to order the jury to return for further deliberations or to dismiss them. Absent exceptional circumstances, not here applicable, there was no third option."[1] *See United States v. Edwards, supra.*

The questioning of the remaining jurors after Ms. McNeil stated that the published verdict was not her verdict could have been perceived as attempted coercion of her. In any event it was an exercise of a forbidden "third option." The poll should have stopped as soon as the lack of unanimity was revealed. *United States v. Warren*, 594 F.2d 1046 (5 Cir.1979). Failure to do so was error.[2]

Reversed.

---

1. An exceptional circumstance may arise when there is an apparent confusion on the juror's part that may be clarified by interrogation by the court—a circumstance not here present.

2. Our disposition of the case makes it unnecessary for us to reach or decide the other errors asserted by Spitz.