STATE OF HAWAII, Plaintiff–Appellee, v. **ROBERT KEONAONA MOSES KEAULANA**, Defendant–Appellant

NO. 13064

(CR. NO. 87–165)

DECEMBER 11, 1989

LUM, C.J., NAKAMURA, PADGETT, HAYASHI, AND WAKATSUKI, JJ.

OPINION OF THE COURT BY LUM, C.J.

Appellant Robert Keonaona Moses Keaulana appeals from a conviction of Second Degree Murder. Appellant claims that the trial court erred during a post verdict poll of the jury by continuing to poll the remaining jurors on the murder and other counts after the sixth juror disagreed with the verdict of guilty of murder and thereby disclosed a lack of unanimity on that count. Appellant contends that continuing the poll was per se reversible error and that not granting a mistrial was an abuse of discretion. We conclude that the appropriate standard of appellate review of both the continuation of the jury polling and the refusal to grant a mistrial is the abuse of discretion standard. Finding no abuse of discretion, we affirm the judgment of the trial court.

## I.

Appellant was charged with five counts: Count I, Murder in the Second Degree (Hawaii Revised Statutes [HRS] § 707–701.5 (Supp. 1988)); Count II, Count III, and Count IV, Terroristic Threatening in the First Degree (HRS § 707–716(1)(d) (1985)); and Count V, Place to Keep Firearms, as a misdemeanor (HRS § 134–6 (1985)).

The verdict forms, as read by the clerk, indicated that Appellant had been found guilty of Count I, Murder in the Second Degree, and of Count V, Place to Keep Firearms, and not guilty of Counts II, III, and IV, each for Terroristic Threatening in the First Degree.

After the clerk read the verdict forms, Appellant requested that the jury be polled as authorized by Rule 31(c) of the Hawaii Rules of Penal Procedure.[1] The court instructed the jurors as a group to answer "yes" if they agreed with all the verdicts and "no" if they disagreed with any of the verdicts. The court proceeded to elicit individual responses from the twelve jurors, calling them by number. The first five jurors each answered "yes." Juror number six answered "no." The court asked juror six, "To what verdict do you not agree." Juror six responded, "Number I," referring to the Murder in the Second Degree verdict. The court thanked juror six, and resumed polling, going on to juror seven. Jurors seven through twelve all answered "yes" when the court called their number, indicating approval of all the verdicts. At that time, Appellant did not object to the continued polling of the jury.

---

[1] Rule 31(c) of the Hawaii Rules of Penal Procedure provides:

**Poll of Jury.** When a verdict is returned and before it is recorded, the jury shall be polled at the request of any party or on the court's own motion. If upon the poll there is not unanimous concurrence, or there is not concurrence by the number of jurors stipulated to as being necessary for returning a verdict, the jury may be directed to retire for further deliberations or may be discharged.

The jury was, after a short recess, instructed to continue their deliberations on the murder count. The court's instructions told each juror not to surrender an honest belief for the purpose of returning a verdict.[2]

The jury resumed its deliberations before reaching a verdict of guilty of Second Degree Murder. The jury was again polled at Appellant's request. All jurors agreed with the verdict.

## II.

Appellant urges the adoption of a rule that the continued post verdict polling of the jury following the dissent of one of its members is per se reversible error. Appellant points to the case of *United States v. Spitz*, 696 F.2d 916 (11th Cir. 1983) (per curiam), holding that for a federal trial court to continue a post verdict poll of a jury by polling the other remaining jurors after the dissent of a juror had disclosed a lack of unanimity constituted per se reversible error. The reasoning of *Spitz* relies on a United States Supreme Court decision, *Brasfield v. United States*, 272 U.S. 448 (1926), that held that for a federal trial court to inquire into the numerical division of a jury which has failed to agree on a verdict after some hours of deliberation constituted per se reversible error. The Eleventh Circuit in *Spitz* said that what the court did by

---

[2]The jury was instructed as follows:

The jury poll has indicated that your verdict as to Count I is not unanimous. You are directed to continue your deliberations.

A verdict must represent the considered judgment of each juror. And in order to return a verdict it is necessary that each juror agree thereto, in other words, your verdict must be unanimous. Each of you must decide the case for yourself. But it is your duty to consult with one another and to deliberate with a view to reaching an agreement if you can do so without violence to individual judgment.

In the course of your deliberations do not hesitate to re–examine your own views and change your opinion if convinced it is erroneous. But do not surrender your honest conviction as to the weight or effect of evidence for the mere purpose of returning a verdict.

continuing to poll for no reason at all was to establish how the jury stood numerically, and that to do so, absent exceptional circumstances, was per se reversible error under *Brasfield*. *Spitz*, 696 F.2d 916.

The United States Third Circuit Court of Appeals has rejected the *Spitz* view that *Brasfield* commands per se reversal in the context of federal trial court's post verdict jury poll and has accepted a view vesting discretion in the trial court. *United States v. Fiorilla*, 850 F.2d 172 (3rd Cir. 1988). The Third Circuit held that a federal trial court did not abuse its discretion when it incidentally exposed the numerical division of the jury in an attempt to take partial verdicts in a complex multi–defendant, multi–count, criminal proceeding. *Fiorilla*, 850 F.2d at 177.

## III.

*Brasfield* does not establish a rule of constitutional law binding upon state courts, but, instead, is an exercise of the United States Supreme Court's supervisory power over the conduct of federal trials. *Fiorilla*, 850 F.2d at 176.

We reject the rule that continuing a jury poll after a juror voices dissent from an initially reported verdict requires per se reversal and adopt a rule vesting discretion in the trial court. We do not find an abuse of discretion either in the trial court's continued polling of the jury or in the trial court's refusal to grant a mistrial. Therefore, we affirm the judgment of the trial court.

*Norman A. Wessel* for Defendant–Appellant.

*Charlene Iboshi* (*Dale Yamada* on the brief), Deputy Prosecuting Attorneys, for Plaintiff–Appellee.

## DISSENTING OPINION OF WAKATSUKI, J.

I respectfully dissent.

*Brasfield v. United States*, 272 U.S. 448 (1926), condemned the inquiry by a court into the numerical division of a deadlocked jury because the disclosure would exert a coercive effect on jury members. The continued polling of jury members reveals the numerical division of the jury as in *Brasfield*, and goes even further by disclosing each individual juror's position. Consequently, the coercive effect on jury members is, in my opinion, even greater with continued jury polling than with the inquiry in *Brasfield*.

I would therefore adopt the position of the Third Circuit in *United States v. Spitz*, 696 F.2d 916 (11th Cir. 1983) (per curiam), and hold that the continued polling of a jury after a dissent has been registered is *per se* reversible error.