COURT OF APPEALS
SECOND 
DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-134-CR *
 
 
GARY 
MICHAEL BARNETT                                                      APPELLANT
  
V.
  
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
I. Introduction
        Gary 
Michael Barnett appeals from his conviction by a jury for the offenses of 
indecency with a child and aggravated sexual assault of a child.  See 
Tex. Penal Code Ann. § 21.11 
(Vernon 2003), § 22.021 (Vernon Supp. 2004-05).  In his first point, 
appellant argues that the trial court erred by conversing with the jurors during 
polling about their propensity to change their verdicts.  In his second 
point, appellant argues that the trial court erred by overruling his motion to 
quash the indictment.  We affirm in part and reverse and remand in part.
II. Background
        Appellant 
was tried on two counts of aggravated sexual assault of a child (counts one and 
two) and two counts of indecency with a child (counts three and four).  The 
jury originally found appellant not guilty of counts one and two and guilty of 
counts three and four.  Appellant asked the court to poll the jury. In 
response to appellant’s request, the trial court began asking each juror 
whether the verdict was his or her own.  The second juror polled responded 
that the verdict was not hers.  This prompted the trial court to inquire of 
each juror his or her verdict on each count.  From this, the trial court 
discovered that the verdicts for counts one and two were not unanimous; the 
jurors were split eleven-to-one in favor of not guilty on count one and 
eleven-to-one in favor of guilty on count two.  The trial court then 
informed the two hold-out jurors that “we do have a problem with both of 
you” and asked them whether, if sent back to the jury room to deliberate, they 
would be able to change their votes, or would they still maintain their votes 
“as it is.”  Both jurors said that a change was possible.  After 
the trial court sent the jurors back to the jury room to deliberate further, 
appellant made his first request for a mistrial on counts one and two, stating
  
Article 37.05 says that the Court can -- when you’re polling a jury, you can 
ask them if it’s their verdict, and if they answer in the affirmative, then 
you go on; and if it’s not, you send them back in the jury room.  And the 
Court’s done that, and I certainly don’t have any complaint about the Court 
even going over it with them in detail like you did here a second time.

But what has concerned me, just kind of by the way it’s come out, is now we 
have two jurors who basically have opposite feelings in the way they voted on 
these two counts.  One of them, Mr. Etheridge, voted not guilty to both 
Count One and Two.  Mr. Jones voted guilty to Count One and Two.  But 
the way it all plays out, the entirety of the rest of the jury has voted guilty 
on Count Two.  So we have 11 to 1 for guilty there; we have 11 to 1 for not 
guilty on Count One.

It appears to me that those two jurors may compromise their verdict in order to 
achieve a liken result, and that concerns me.  I’m not sure it will be 
unanimous.
 
 
The 
trial court denied appellant’s request for a mistrial.
        Nineteen 
minutes later, the jury found appellant not guilty on count one and guilty on 
counts two, three, and four.  Appellant made his second request for a 
mistrial, voicing his concern that the verdicts may have been compromised, and 
again the trial court denied his request. The jury assessed appellant’s 
punishment at twenty years’ confinement for count two and ten years’ 
confinement, probated, for count three and count four.
III. Jury Coercion
        In 
his first point, appellant complains that the trial court erroneously conversed 
with the jurors about their propensity to change their verdicts during polling 
at the guilt/innocence phase of the trial. Appellant argues that the trial 
court’s actions violated article 37.05 of the Code of Criminal Procedure and 
forced a jury verdict that might not have occurred otherwise.[1]  
See Batten v. State, 549 S.W.2d 718, 721 n.5 (Tex. Crim. App. 1977) 
(holding that polling of the jury should not extend beyond asking each juror 
whether the verdict is his or hers).  Appellant contends he was harmed by 
the trial court’s improper polling of the jurors because the jury ultimately 
found him not guilty on count one, but guilty on count two, assessing him twenty 
years’ confinement on count two, but community supervision on count’s three 
and four.  Lastly, appellant asks this court to reverse and dismiss his 
conviction as to count two only, arguing that a retrial is barred by double 
jeopardy principles because the trial court forced a verdict when the jury never 
stated it was deadlocked, and the jury could have ultimately found appellant not 
guilty on count two, which is what the original verdict was.  We will 
construe his point as asserting that the trial court erred in failing to grant 
his request for a mistrial in light of the trial court’s improper polling of 
the jury.  See Tex. R. App. 
P. 38.9; White v. State, 50 S.W.3d 31, 45 (Tex. App.—Waco 2001, 
pet. ref’d) (construing points liberally to serve the interests of justice).
        A. 
Preservation of Error
        To 
preserve a complaint for our review, a party must have presented to the trial 
court a timely request, objection, or motion that states the specific grounds 
for the desired ruling if they are not apparent from the context of the request, 
objection, or motion.  Tex. R. App. 
P. 33.1(a)(1); Mosley v. State, 983 S.W.2d 249, 265 (Tex. Crim. 
App. 1998) (op. on reh’g), cert. denied, 526 U.S. 1070 (1999).  
Further, the trial court must have ruled on the request, objection, or motion, 
either expressly or implicitly, or the complaining party must have objected to 
the trial court’s refusal to rule.  Tex. R. App. P. 33.1(a)(2).
                1. Timeliness
        To 
be timely, an objection must be made as soon as the basis for the objection 
becomes apparent.  Lagrone v. State, 942 S.W.2d 602, 618 (Tex. Crim. 
App.), cert. denied, 522 U.S. 917 (1997).  The purpose for requiring 
a timely objection is to “allow the trial court to have the opportunity to 
make a determination and ruling on the complained of point and then to proceed 
with the trial under the proper procedural and substantive manners, as 
appropriately corrected by the trial court.”  Janecka v. State, 
823 S.W.2d 232, 244 (Tex. Crim. App. 1992) (op. on reh’g), cert. denied, 
522 U.S. 825 (1997).
        The 
State argues that appellant did not preserve error because he failed to object 
when the trial court first exceeded the scope of article 37.05's polling 
procedure by asking each juror’s verdict on each count instead of immediately 
sending the jury back to deliberate once it became clear that the verdict was 
not unanimous.  However, article 37.05 specifically grants the court 
authority to individually determine whether the verdict comports with each 
juror’s verdict.  Also, appellant does not complain that the trial court 
violated article 37.05 by inquiring into each juror’s verdict on each 
count.  Rather, appellant specifically complains of the trial court’s 
asking the two hold-out jurors whether they could change their 
votes.  It is in relation to this alleged error that we will analyze the 
timeliness of appellant’s request for a mistrial.
        Here, 
the trial court questioned the two hold-out jurors about changing their votes 
and sent the jury back to the jury room to deliberate.  Appellant then 
requested a mistrial.  Allowing appellant to make his request when he did 
does not run afoul of the purpose for requiring a timely objection.  The 
trial court was in no better position to grant a mistrial immediately after the 
improper questioning than it was immediately after the jury was sent back to 
deliberate, when appellant actually made his request.  Cf. Lagrone, 
942 S.W.2d at 618 (requiring that an objection to the admission of evidence be 
made as soon as the question calling for an objectionable answer is asked and 
before the answer is given, thereby allowing the trial court to sustain the 
objection and to prevent the objectionable answer).  Further, unlike an 
evidentiary objection that is best made before an answer is given, it is the 
asking of the question itself that creates the error when polling a jury.  
Therefore, we hold that appellant’s request for a mistrial was sufficiently 
timely to preserve error.
                2. Specificity
        In 
his first request for a mistrial, appellant cited article 37.05 and expressed 
his concern that the two hold-out jurors may compromise their verdicts.  
Likewise, as soon as the jury sent out notes naming the two jurors and stating 
that they had changed their votes accordingly, appellant made his second request 
for a mistrial, again asserting that the verdicts may have been 
compromised.  Although appellant’s requests were vague, they were more 
than adequate to apprise the trial court of the nature of appellant’s 
complaint.  See Eisenhauer v. State, 754 S.W.2d 151, 159 
(Tex. Crim. App. 1988) (holding that imprecise objection will be sufficient to 
preserve error if grounds for the objection are obvious to the court or opposing 
counsel).  We therefore conclude that appellant’s requests for a mistrial 
were sufficient to give the trial court notice as to the nature of his 
complaint, and we will address his point.
        B. 
Standard of Review for Jury Coercion
        Claims 
of jury coercion often arise when a trial court attempts to encourage a 
deadlocked jury to reach a verdict.  See Hollie v. State, 967 S.W.2d 
516, 518 (Tex. App.—Fort Worth 1998, pet. ref’d).  In those situations, 
the trial court, administering what is known as an Allen charge, informs 
the jury, among other things, that if the jury is unable to reach a verdict, a 
mistrial will result, the indictment will still be pending, and there is no 
guarantee that a subsequent jury will find the questions easier to answer.  
See Allen v. United States, 164 U.S. 492, 501, 17 S. Ct. 154, 157 
(1896); Odom v. State, 682 S.W.2d 445, 447 (Tex. App.—Fort Worth 1984, 
pet. ref’d).  While an Allen charge is a generally accepted method 
of securing jury unanimity, a court must be careful to administer the charge in 
a manner that does not have an improperly coercive effect on jury 
deliberation.  See Lowenfield v. Phelps, 484 U.S. 231, 237, 108 S. 
Ct. 546, 550 (1988); Howard v. State, 941 S.W.2d 102, 123 (Tex. Crim. 
App. 1996).
        Although 
not in the form of a traditional Allen charge, the trial court’s 
actions in the present case had the purpose and effect of encouraging a 
verdict.  Therefore, we will focus our analysis on the coercive effect the 
trial court’s actions may have had on jury deliberation by examining the trial 
court’s actions “in [their] context and under all circumstances.”  See 
Howard, 941 S.W.2d at 123 (quoting Jenkins v. United States, 380 U.S. 
445, 446, 85 S. Ct. 1059, 1060 (1965)).  We must determine whether the 
trial court’s conversation with the two hold-out jurors pressured them into 
reaching a particular verdict or improperly conveyed the trial court’s opinion 
of the case.  See Arrevalo v. State, 489 S.W.2d 569, 571 (Tex. Crim. 
App. 1973); Martinez v. State, 131 S.W.3d 22, 41 (Tex. App.—San Antonio 
2003, no pet.).  Factors to be considered include the nature of the case, 
the amount of evidence considered by the jury, and the time spent in further 
deliberation.  See Lindsey v. State, 393 S.W.2d 906, 908 
(Tex. Crim. App. 1965).
        Courts 
have found jury coercion when, like the present case, the trial court continues 
to poll the jury after a lack of unanimity is revealed.  See, e.g., 
United States v. Spitz, 696 F.2d 916, 917 (11th Cir. 1983).  In Spitz,the 
11th Circuit held that “[t]he questioning of the remaining jurors after the 
[dissenter] stated that the published verdict was not her verdict could have 
been perceived as attempted coercion of her.”  Id. at 918.  
Also, the Texas Court of Criminal Appeals has said that a trial court might 
coerce a jury by identifying dissenting jurors and instructing them to reexamine 
their viewpoints.  Howard, 941 S.W.2d at 124.
        Here, 
the trial court continued to extensively poll the jury even after the lack of 
unanimity was revealed.  This violated article 37.05, but was not objected 
to by appellant.  See Tex. 
Code Crim. Proc. Ann. art. 37.05; Batten, 549 S.W.2d at 721 
n.5.  More importantly, however, the trial court singled out the two 
hold-out jurors, informed them that it had a “problem” with them, and asked 
them whether they could change their votes if sent back to deliberate 
further.  The two jurors changed their votes in less than twenty minutes 
and specifically informed the court of their changed votes individually.  
We conclude that jury coercion is apparent from the trial court’s final 
conversation with the two hold-out jurors.  Therefore, we hold that the 
trial court erred by conversing with the hold-out jurors beyond the scope of 
article 37.05 and in a manner that had a coercive effect on the jury’s 
verdict.  We next examine whether the trial court should have granted 
appellant a mistrial because of this error.
        C. 
Standard of Review for a Mistrial
        We 
review a trial court’s denial of a request for a mistrial for abuse of 
discretion.  See Ladd v. State, 3 S.W.3d 547, 567 (Tex. Crim. App. 
1999), cert. denied, 529 U.S. 1070 (2000).  A trial court does not 
abuse its discretion if its decision is at least within the zone of reasonable 
disagreement.  Montgomery v. State, 810 S.W.2d 372, 391 (Tex. Crim. 
App. 1991) (op. on reh’g).  A mistrial is as an extreme remedy for 
prejudicial events occurring during the trial process and should be granted only 
when residual prejudice remains after objections are sustained and curative 
instructions given.  West v. State, 121 S.W.3d 95, 106 (Tex. Crim. 
App.—Fort Worth 2003, pet. ref’d).
        An 
appellant need not request a curative instruction, such as an instruction to 
disregard, to preserve error.  See Young v. State, 137 S.W.3d 65, 70 
(Tex. Crim. App. 2004).  However, an appellant who requests a mistrial 
without first requesting a curative instruction forfeits appellate review of 
that class of events that could have been cured by such an instruction.  Id.  
Therefore, we must determine whether the “error [was] so prejudicial that 
expenditure of further time and expense would [have been] wasteful and 
futile.”  Ladd, 3 S.W.3d at 567.
        Here, 
the trial court singled out the two hold-out jurors, told them that it had a 
problem with them, and asked them whether they could change their votes.  
By doing so, the trial court indirectly communicated to the hold-out jurors that 
it wanted them to change their votes.  A jury typically gives 
particular weight to the language and conduct of a trial court.  See 
Blue v. State, 41 S.W.3d 129, 131 (Tex. Crim. App. 2000).  Moreover, 
unlike situations in which an instruction to disregard was held to have cured 
the harm caused by improper comments from the trial court on the weight of the 
evidence, the present case involves comments by a trial court that directly 
influenced the jury’s verdict.  See Fletcher v. State, 960 S.W.2d 
694, 701 (Tex. App.—Tyler 1997, no pet.) (holding that the trial court’s 
instruction to disregard its comment was sufficient to remedy the harm, if any, 
to appellant by the comment).  Accordingly, we conclude that an instruction 
to disregard would not have cured the harm caused by the trial court, and 
therefore the trial court abused its discretion by denying appellant’s request 
for a mistrial.
        D. Harmless Error
        Having 
found error, we must also conduct a harm analysis to determine whether the error 
requires reversal of the trial court’s judgment.  Tex. R. App. P. 44.2; Lopez v. State, 
71 S.W.3d 511, 514 (Tex. App.—Fort Worth 2002, no pet.).  If the error is 
constitutional in nature, we must reverse the judgment unless we determine 
beyond a reasonable doubt that the error did not contribute to the conviction or 
punishment.  See Tex. R. App. 
P. 44.2(a); Franklin v. State, 138 S.W.3d 351, 354 (Tex. Crim. 
App. 2004).  We must disregard other types of error unless they affect 
appellant’s substantial rights. Tex. R. App. P. 44.2(b); Franklin, 
138 S.W.3d at 354.
        Claims 
of jury coercion implicate the right to a fair and impartial jury as guaranteed 
by the Sixth Amendment to the United States Constitution, as well as article V, 
section 10 of the Texas Constitution.  See U.S. Const. amend. VI; Tex. Const. art. V, § 10; Franklin, 
138 S.W.3d at 354; Odom, 682 S.W.2d at 449.  Accordingly, we must 
reverse appellant’s conviction unless we find beyond a reasonable doubt that 
the trial court’s actions did not contribute to appellant’s 
conviction.  We are unable to make such a finding. Had the trial court 
granted appellant’s request for a mistrial, appellant would have received a 
new trial on count two.  See Tex. 
R. App. P. 21.3. Had a new trial been granted, the case against appellant 
would have been restored to its position before the former trial, and a 
subsequent jury might have found appellant not guilty as to count two.  See 
Tex. R. App. P. 21.9; State v. 
Bates, 889 S.W.2d 306, 310 (Tex. Crim. App. 1994).  Therefore, we 
sustain appellant’s first point.
IV. Indictment
        In 
his second point, appellant asserts that the trial court erred in failing to 
quash the indictment.  On March 17, 2003, appellant filed a motion to quash 
the indictment, which the trial court denied.  Appellant argues that the 
indictment was not sufficiently specific to ensure that he would be tried for 
the same conduct that the grand jury considered and that therefore the trial 
court erred in denying his motion to quash.  Appellant contends that his 
complaint is not with the “on or about” language in the indictment regarding 
the offense date, but rather with the specificity with which the actual conduct 
was alleged.
        On 
its face, an indictment must allege “the facts necessary (1) to show that the 
offense was committed, (2) to bar a subsequent prosecution for the same offense, 
and (3) to give the defendant notice of precisely what he is charged 
with.”  Terry v. State, 471 S.W.2d 848, 852 (Tex. Crim. App. 
1971). Generally, an indictment provides sufficient notice if it tracks the 
language of the statute.  Olurebi v. State, 870 S.W.2d 58, 62 (Tex. 
Crim. App. 1994).  We review a trial court’s denial of a motion to quash 
an indictment for an abuse of discretion.  County v. State, 812 
S.W.2d 303, 312 (Tex. Crim. App. 1989).
        Here, 
all four counts of the indictment track the language of the statutes.  See 
Tex. Penal Code Ann. §§ 21.11, 
22.021.  Appellant does not indicate exactly how the indictment failed to 
sufficiently specify the conduct in question, nor does he point to anything in 
the record to suggest that the evidence presented to the grand jury related to 
conduct other than that proven at trial.  See Sledge v. State, 953 
S.W.2d 253, 256 (Tex. Crim. App. 1997).  Appellant correctly notes that, in 
cases involving more than one act of sexual misconduct against a child, the 
State can be required to choose the act for which it will seek a 
conviction.  See Crawford v. State, 696 S.W.2d 903, 905 (Tex. Crim. 
App. 1985).  However, appellant offers no evidence that this was not done 
in the present case.  Therefore, we hold that the trial court did not err 
in denying appellant’s motion to quash. We overrule appellant’s second 
point.
V. Conclusion
        We 
reverse the trial court’s judgment as to count two only and remand that 
portion of this cause for a new trial.[2]  We 
affirm the trial court’s judgment as to counts three and four.
  
 
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE
  
PANEL 
B:   LIVINGSTON, DAUPHINOT, and WALKER, JJ.
 
                DAUPHINOT, 
J. filed a concurring opinion
 
PUBLISH
 
DELIVERED: 
January 20, 2005
 



COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-134-CR
 
 
GARY 
MICHAEL BARNETT                                                      APPELLANT
 
V.
 
THE 
STATE OF TEXAS                                                                  STATE
 
 
------------
 
FROM 
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY
 
------------
 
CONCURRING OPINION
 
------------
        While 
I agree with the outcome, I write separately because the improper Allen[1] charge should have been addressed under the Almanza[2] standard.  Appellant complains that the trial court 
gave an improper oral instruction that was coercive.  The majority 
discusses his complaint in terms of constitutional error and forfeiture.  
As the Texas Court of Criminal Appeals affirmed recently, it is settled law in 
Texas that jury charge error is to be reviewed under the Almanza 
standard, not Texas Rule of Appellate Procedure 44.2.[3]  
Under Almanza, forfeiture does not occur.[4]  
Instead, properly preserved error requires reversal as long as the defendant 
suffers some harm; error that is not properly preserved requires reversal only 
if the defendant suffered egregious harm.[5]
        Although 
Appellant argues that he objected to the erroneous charge, the objection did not 
clearly inform the trial court that he was complaining of the erroneous jury 
instruction.  It was couched in terms of fearing “those two jurors may 
compromise their verdict in order to achieve a liken result.”  As to the 
procedure of discussing their verdicts, at trial, Appellant’s counsel stated, 
“I certainly don’t have any complaint about the Court even going over it 
with them in detail like you did here a second time.”  Appellant did not 
object to the charge being given orally.  If Appellant lodged a timely 
objection to the supplemental jury charge, it was too subtle for me to 
discern.  Consequently, I would analyze the trial court’s error under the 
egregious harm standard of Almanza.[6]
        As 
harm, Appellant points out that the jury assessed twenty years’ penitentiary 
time on count two, the problematic verdict, but then granted community 
supervision on counts three and four.  Note that had the verdict remained 
deadlocked, Appellant would have received a mistrial on count two, not a 
conviction.[7]  The jury assessed a prison 
sentence only on count two.  In the context of the entire case against 
Appellant, the trial court’s error in orally singling out the hold-out jurors 
and asking if they could change their votes caused Appellant egregious 
harm.  I would sustain Appellant’s first point and reverse and remand on 
this ground.
        Because 
the majority improperly addresses Appellant’s jury charge complaint under 
Texas Rule of Appellate Procedure 44.2 and forfeiture, rather than Almanza, 
I can concur only in the result.
 
  
                                                                  LEE 
ANN DAUPHINOT
                                                                  JUSTICE
 
 
PUBLISH
 
DELIVERED: 
January 20, 2005


* 
Majority Opinion by Justice Livingston;  Concurring Opinion by Justice 
Dauphinot
NOTES

Majority Opinion Notes
1.  
See Tex. Code Crim. Proc. Ann. 
art. 37.05 (Vernon 1981).  This article states,
The 
State or the defendant shall have the right to have the jury polled, which is 
done by calling separately the name of each juror and asking him if the verdict 
is his.  If all, when asked, answer in the affirmative, the verdict shall 
be entered upon the minutes; but if any juror answer[s] in the negative, the 
jury shall retire again to consider its verdict.
Id.
2.  
Appellant offers no support for his argument that his retrial is barred by 
double jeopardy principles.  Moreover, the court of criminal appeals has 
held that even if judicial error prompted a criminal defendant to request a 
mistrial, the double jeopardy clause does not bar a retrial, as long as the 
error was not committed in bad faith in an attempt to provoke the defendant into 
requesting a mistrial.  Fields v. State, 627 S.W.2d 714, 720 (Tex. 
Crim. App.), cert. denied, 459 U.S. 841 (1982).
  
CONCURRING OPINIONS NOTES:
1.  
Allen v. United States, 164 U.S. 492, 17 S. Ct. 154 (1896).
2.  
Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985) (op. on reh’g).
3.  
Guevara v. State, No. 0424-03, 2004 WL 2347793, at *6-7 (Tex. Crim. App. 
Oct. 20, 2004); Huizar v. State, 12 S.W.3d 479, 484-85 (Tex. Crim. App. 
2000) (op. on reh’g).
4.  
Bluitt v. State, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004).
5.  
Almanza, 686 S.W.2d at 171.
6.  
Id.; see Tex. Code Crim. 
Proc. Ann. art. 36.19 (Vernon 1981); Hutch v. State, 922 S.W.2d 
166, 171 (Tex. Crim. App. 1996).
7.  
See Tex. Code Crim. Proc. Ann. 
art. 36.31.