[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-11823
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-20669-JAL-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WENDELL TRENELL CLARK,
THEODIST GRIMES, III,

Defendants-Appellants.

_____

Appeals from the United States District Court
for the Southern District of Florida
_____

(May 23, 2017)

Before TJOFLAT, MARCUS and JORDAN, Circuit Judges.

PER CURIAM:

Co-defendants Wendell Clark and Theodist Grimes, III, appeal their convictions and 120-month sentences for one count each of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g).

Grimes argues that the district court abused its discretion in admitting his past convictions into evidence, and erred in excluding photographs of the injuries he received during arrest.  Clark argues that the district court committed error in the jury polling process, and that he should have received a two-level reduction in his offense level for playing a minor role in the offense.  Both co-defendants argue that the government committed prosecutorial misconduct during closing argument, and that the cumulative error doctrine mandates reversal.  We address each argument in turn.

## I.

We review the district court's decision admitting evidence under Federal Rule of Evidence 404(b) for abuse of discretion.  *United States v. Miller*, 959 F.2d 1535, 1538 (11th Cir. 1992) (en banc).  Rule 404(b) forbids the use of a prior crime, wrong, or other act if offered as propensity evidence.  Fed. R. Evid. 404(b)(1).  However, in a criminal case, Rule 404(b) allows admission of evidence of prior bad acts to show, among other things, intent, knowledge, and lack of mistake.  Fed. R. Evid. 404(b)(2).  Admissibility under 404(b) requires meeting three conditions: (1) the evidence must be relevant to an issue other than the

2

defendant's character; (2) there must be sufficient proof so the jury could find the defendant committed the act; and (3) the probative value must not be substantially outweighed by its undue prejudice. *Miller*, 959 F.2d at 1538.

Here, the three conditions were met under *Miller* to allow the admission of the Rule 404(b) evidence. *See Miller*, 959 F.2d at 1538. First, for the first prong of the Rule 404(b) test, we held a logical connection exists between a convicted felon's knowing possession of a firearm at one time and his knowledge of the presence of a firearm at a subsequent time, "or, put differently, that his possession at the subsequent time is not mistaken or accidental." *United States v. Jernigan*, 341 F.3d 1273, 1281 (11th Cir. 2003). Moreover, when a defendant pleads not guilty to knowingly and intentionally possessing a firearm as a felon, and does not stipulate to knowingly possessing a firearm, the government may introduce evidence of a prior knowing possession of a firearm to prove the *mens rea* element of the offense. *United States v. Taylor*, 417 F.3d 1176, 1182 (11th Cir. 2005). Thus, Grimes's prior convictions involving possession of firearms were relevant to show knowledge and lack of accident or mistake. *See Jernigan*, 341 F.3d at 1281; Fed. R. Evid. 404(b)(2).

Under the second prong of the test, a conviction provides sufficient proof that the defendant committed the prior act. *Id*. at 1282. Thus, the convictions

3

themselves were sufficient proof that Grimes committed the two prior felonies. *See Jernigan*, 341 F.3d at 1281.

Under the third prong of the test, we carry out a "common sense" assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, and temporal remoteness. *Id*. Moreover, a limiting instruction from the court may mitigate any unfair prejudice possibly caused by evidence of prior bad acts. *United States v. Edouard*, 485 F.3d 1324, 1346 (11th Cir. 2007). Here, the court used a "common sense approach" due to the overall similarity between the two prior convictions admitted into evidence and the charged offense, the prosecutorial need for the evidence to prove *mens rea*, and the temporal proximity of the prior convictions to the instant 2015 offense. *See Jernigan*, 341 F.3d at 1282. Additionally, the court ensured that the probative value of the evidence was not outweighed by undue prejudice by redacting the facts of the convictions, not allowing the government to enter the armed robbery conviction into evidence, and providing a limiting instruction. *See id*.; *Edouard*, 485 F.3d at 1346.

Thus, the court did not abuse its discretion by admitting Grimes's two prior convictions into evidence. *See Miller*, 959 F.2d at 1538.

4

II.

In examining the district court's evidentiary rulings, we generally review for abuse of discretion. *United States v. Massey*, 89 F.3d 1433, 1441 (11th Cir. 1996). We review the legal question of whether the exclusion of evidence violated a constitutional guarantee *de novo*. *United States v. Sarras*, 575 F.3d 1191, 1209 n.24 (11th Cir. 2009). A trial judge possesses considerable discretion to limit cumulative evidence of bias. *United States v. Lay*, 644 F.2d 1087, 1091 (5th Cir. Unit A 1981).

Here, the district court allowed Grimes to present his defense of police bias and elicit testimony regarding his injuries. Even if the photographs were relevant to show police bias, the district court possesses considerable discretion to exclude the photographs when they show the same injuries described by an officer in his testimony, especially where Grimes did not argue, and does not argue on appeal, that the photographs showed something different than what the officer described. *See Lay*, 644 F.2d at 1091. Thus, the district court did not abuse its discretion when excluding the photographs from evidence or infringe on Grimes's constitutional right to present his defense. *See Massey*, 89 F.3d at 1441; *Sarras*, 575 F.3d at 1209 n.24.

III.

We generally review claims of prosecutorial misconduct during closing arguments *de novo*. *United States v. Sosa*, 777 F.3d 1279, 1294 (11th Cir. 2015). To establish prosecutorial misconduct, the statements must meet a two-element test: (1) the remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant. *United States v. Wilson*, 149 F.3d 1298, 1301 (11th Cir. 1998). A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different. *Id.* Improper statements may be rectified by a curative instruction from the court. *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009).

Here, the district court did not err in denying the defendants' motions for a mistrial based on the government's remarks during closing arguments. The remarks themselves may have been improper, as they likely referenced conduct that occurred outside the presence of the jury. *See Wilson*, 149 F.3d at 1301. However, the remarks did not prejudicially affect the defendants' substantial rights, as there is not a reasonable probability that, but for the remarks, the outcome of the trial would have been different. *See id*. Four factors guide our determination as to whether a prosecutor's conduct had a reasonable probability of changing the outcome of a trial: (1) the degree to which the challenged marks

6

could mislead the jury and prejudice the accused; (2) whether the remarks were isolated or extensive; (3) whether they were deliberately or accidentally placed before the jury; and (4) the strength of the competent proof to establish the guilt of the accused. *Lopez*, 590 F.3d at 1238.  Here, the comments may have misled the jury into thinking the defendants were friends or friendly.  However, the remarks were isolated to rebuttal closing argument, the remarks could be characterized as accidental because government stated at sidebar that it intended for the remarks to reference conduct during sidebar breaks in the presence of the jury, and other evidence existed, including witness testimony and surveillance footage, supporting the defendants' convictions apart from the government's comment. *See id.* at 1256.  Furthermore, the court gave a curative instruction soon after the remarks were made, limiting the prejudicial effect, and we presume the jury followed that instruction. *See Lopez*, 590 F.3d at 1256.  Accordingly, the district court did not err in denying the motions for a mistrial based on the claim of prosecutorial misconduct. *See Sosa*, 777 F.3d at 1294.

## IV.

The jury polling process should stop as soon as a juror's response reveals a lack of unanimity, and continuing to poll the jury is *per se* error. *United States v. Spitz*, 696 F.2d 916, 917–18 (11th Cir. 1983).  An exceptional circumstance may

arise when there is an apparent confusion on the juror's part that may be clarified by interrogation by the court. *Id.* at 918 n.1.

Here, Juror No. 2 did not dissent from the verdict. *See Spitz*, 696 F.2d at 917–18. Juror No. 2 gave conflicting answers, and the record reflects in both instances of polling that Juror No. 2 might have been confused or misspoke. *See id.* at 918 n.1. Nonetheless, Juror No. 2 answered "yes" before the court continued to poll the remainder of the jurors, revealing no lack of unanimity during polling. Thus, the court did not err by continuing to poll the jury after clarifying Juror No. 2's answer. *See id.* at 917–18.

## V.

It is not necessary for us to decide guidelines issues or remand cases for new sentence proceedings where the guidelines error, if any, did not affect the sentence. *United States v. Keene*, 470 F.3d 1347, 1349 (11th Cir. 2006). Provided the ultimate sentence is substantively reasonable, we need not reach disputed guidelines issues if the district court clearly indicated it would impose the same sentence regardless of those disputed issues. *Id.* In determining the reasonableness of the sentence, we must assume that the guidelines issue should have been decided in the way the defendant argued, and then ask whether the final sentence resulting from consideration of the 18 U.S.C. § 3553(a) factors would still be reasonable. *Id.*

A substantive reasonableness examination includes an inquiry into whether the statutory factors in § 3553(a) support the sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Although we do not automatically presume the reasonableness of a sentence falling within the guideline range, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008).

Here, any potential guidelines error did not affect the sentence. *See Keene*, 470 F.3d at 1349. The district court stated it would have imposed the 120-month sentence even if Clark received a minor role adjustment, which would have made his advisory guideline range 110 to 137 months. If that were his guideline range, the 120-month sentence would have fallen in the middle of the advisory guideline range, which implies the reasonableness of the sentence. *See Hunt*, 526 F.3d at 746. Furthermore, the court adequately considered the § 3553(a) factors, focusing on the seriousness of the offense and Clark's criminal history, and those factors support the 120-month sentence. *See Gonzalez*, 550 F.3d at 1324. Therefore, we need not reach Clark's disputed guideline issue. *See Keene*, 470 F.3d at 1349.

## VI.

The cumulative error doctrine provides for a reversal where an aggregation of non-reversible errors yields a denial of the constitutional right to a fair trial. *United States v. Capers*, 708 F.3d 1286, 1299 (11th Cir. 2013). When we address

a claim of cumulative error, we consider all errors preserved for appeal and all plain errors in the context of the trial as a whole to determine whether the appellant was afforded a fundamentally fair trial. *United States v. House*, 684 F.3d 1173, 1197 (11th Cir. 2012). Where the record indicates no error or only a single error, no cumulative error exists. *Id.* at 1210.

As discussed in the issues above, neither defendant can show error, so no cumulative error exists. *See id*; *Capers*, 708 F.3d at 1299.

**AFFIRMED.**