Peter BROOKS, Jr., Plaintiff-Appellant,

v.

BAY STATE ABRASIVE PRODUCTS, INC., et al., Defendants-Appellees,

Aetna Insurance Company, Intervenor.

No. 75–1636
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

July 31, 1975.

Rehearing Denied Sept. 11, 1975.

Owen J. Bradley, New Orleans, La., for plaintiff-appellant.

Dermot S. McGlinchey, New Orleans, La., for Airetool Mfg. Co., and others.

Robert J. Vandaworker, Baton Rouge, La., for Bay State Abrasive Products.

M. O'Neal Walsh, Baton Rouge, La., for other interested parties.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

PER CURIAM:

The appellant, Brooks, instituted this action after he was injured while operating a grinder for his employer. In the district court, the jury, after receiving an *Allen* charge,[1] returned a verdict for the appellee, the manufacturer of the

---

* Rule 18, 5th Cir. See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir. 1970, 431 F.2d 409, Part I.

1. Allen v. United States, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

allegedly defective grindstone which disintegrated injuring Brooks. Brooks raises two contentions on this appeal: (1) the evidence was insufficient to support the verdict, and the district court should have, therefore, either granted a new trial or given a judgment notwithstanding the verdict; (2) the district court erroneously gave the *Allen* charge. We affirm.

A careful review of the record indicates the first contention is totally without merit. The evidence is not overwhelmingly favorable to Brooks, and it is clear that reasonable persons could decide that something other than a manufacturing defect caused the accident. See Pletz v. Christian Herald Association, 486 F.2d 94, 97 (5th Cir. 1973); Boeing Company v. Shipman, 411 F.2d 365, 368 (5th Cir. 1969); Commercial Union Assurance Company v. Berry, 359 F.2d 510, 516 (8th Cir. 1966).

The circumstances in which the *Allen* charge was given were as follows. The jury originally retired for deliberation at approximately 7:20 p. m. At 10:50 p. m. the jury returned a verdict for the appellee. A poll of the jury indicated that the verdict was not unanimous. The jury was immediately sent back to the jury room with the suggestion that they determine whether a unanimous verdict was possible. Several minutes later the jury was returned to the courtroom and given the full *Allen* charge. At approximately 11:09 p. m. the jury returned a unanimous verdict for the appellee.

This circuit has repeatedly approved the *Allen* charge if it makes clear to members of the jury that (1) they are duty bound to adhere to honest opinions; (2) they are doing nothing improper by maintaining a good faith opinion even though a mistrial may result. Nordmann v. National Hotel Company, 425 F.2d 1103, 1109–10 (5th Cir. 1970); United States v. Bailey, 468 F.2d 652 (5th Cir. 1972), *aff'd en banc*, 480 F.2d 518 (5th Cir. 1973); Thaggard v. United States, 354 F.2d 735, 739 (5th Cir. 1965), *cert. denied*, 383 U.S. 958, 86 S.Ct. 1222, 16 L.Ed.2d 301 (1966). We believe the *Allen* charge under scrutiny, the wording of which is almost precisely the same as that employed in Wilson v. Southern Farm Bureau Casualty Co., 275 F.2d 819, 822–23 (5th Cir. 1960), fulfills the requirements articulated by this court.

Brooks additionally argues that the *Allen* charge should not have been given in the circumstances of this case. He asserts that the court's interruption of the jury's deliberations in order to give the charge prejudicially focused coercive attention upon the dissenting juror. He also contends that the lateness of the hour and the rapidity with which the jury achieved unanimity subsequent to receiving the charge evidence an improperly coercive courtroom atmosphere. We cannot agree. In United States v. Bailey, *supra*, a case involving a similarly late hour, the court said, quoting a prior opinion, "[W]e perceive no basis for saying as a matter of law that the use of the *Allen* charge under the circumstances recited had a coercive effect on the jury." 468 F.2d at 664. In Wilson v. Southern Farm Bureau Casualty Company, 275 F.2d 819, 823 (5th Cir. 1960), the jury returned a verdict approximately fourteen minutes after receiving an *Allen* charge. While it may be true that the *Allen* charge focuses attention upon the minority jurors, it is our conclusion that the safeguards inherent in the language of the properly worded charge here under consideration, adequately protected the appellant in the circumstances of this case.

Affirmed.