**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Dave Chinazor CHIGBO, Defendant–Appellant.**

**No. 93–4600**
**Non–Argument Calendar.**

United States Court of Appeals, Eleventh Circuit.

Nov. 21, 1994.

544

Russell K. Rosenthal, Zaremba & Rosenthal, P.A., Miami, FL, for appellant.

Kendall Coffey, U.S. Atty., Arimentha R. Walkins, Linda Collins Hertz, Anne Ruth Schultz, Asst. U.S. Attys., Miami, FL, for appellee.

Before KRAVITCH, EDMONDSON and COX, Circuit Judges.

PER CURIAM:

Appellant was convicted of importation of heroin and possession of heroin with intent to distribute, in violation of 18 U.S.C. § 2 and 21 U.S.C. §§ 841(a)(1), 952(a), and 960(a)(1), (b). Appellant appeals his conviction on the ground that the district court issued an improperly coercive modified *Allen* charge after polling some members of the jury. Appellant appeals his sentence on the ground that he did not receive a downward departure for diminished capacity. We AFFIRM.

## I.

■ Appellant argues that the district court's *Allen* charge coerced the jury.[1] After trial and deliberation, the jury announced it had reached a guilty verdict. The district court polled the jury at appellant's request. The first seven jurors stated their verdicts as guilty. The eighth juror stated, "No, sir, I had a doubt, a reasonable doubt." Without polling the remaining four jurors, the district court announced it would give the jury a modified *Allen* charge the next morning. Appellant objected. The district court overruled the objection.

The district court's *Allen* charge read:

Ladies and gentlemen of the jury, as I indicated last night when it was determined prior to the time that all of the members of the jury had been polled, that the verdict returned by the jury was not in fact unanimous, I am going to further ask you to continue your deliberations.

I am making this request of you so that you can make an effort, if possible, to reach agreement upon a verdict and dispose of this case, and I have a few additional comments I would like for you to consider as you do so.

First of all, this, like all cases before this court, is an important case. The trial has been expensive in time, effort, money and emotional strain to both the defense and the prosecution.

---

1. In an *Allen* charge, the judge instructs a deadlocked jury to undertake further efforts to reach a verdict. *See Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896). This Circuit allows the use of *Allen* charges. *See United States v. Elkins*, 885 F.2d 775, 783 (11th Cir.1989), *cert. denied*, 494 U.S. 1005, 110 S.Ct. 1300, 108 L.Ed.2d 477 (1990); *United States v. Rey*, 811 F.2d 1453, 1460 (11th Cir.1987), *cert. denied*, 484 U.S. 830, 108 S.Ct. 103, 98 L.Ed.2d 63 (1987).

If you should fail to agree upon a verdict, the case will be left open and may have to be tried again. Obviously, another trial will only serve to increase the cost to both sides. And there is no reason to believe that the case can be tried again by either side any better or more exhaustively than it has been tried before you.

Any future jury must be selected in the same manner and from the same source as you were chosen, and there is no reason to believe that the case could ever be submitted to twelve men and women more conscientious, more impartial or more competent to try it or that more or clearer evidence could be produced.

If a substantial majority of your number are in favor of a conviction, those of you who disagree should reconsider whether your doubt is a reasonable one since it appears to make no effective impression upon the minds of the others.

On the other hand, if a majority or even a lesser number of you are in favor of an acquittal, the rest of you should ask yourselves again and most thoughtfully whether you should accept the weight and sufficiency of evidence which fails to convince your fellow jurors beyond a reasonable doubt.

Remember at all times that no juror is expected to give up an honest belief he or she may have as to the weight or effect of the evidence. But after full deliberations and consideration of the evidence in the case, it is your duty to agree upon a verdict if you can do so.

You must also remember that if the evidence in the case fails to establish guilt beyond a reasonable doubt, the defendant should have your unanimous verdict of not guilty.

You may be as leisurely as you wish in your deliberations and should take all the time which you may feel is necessary.

* * * * * *

Ladies and gentlemen of the jury, I will ask you now to retire once again and continue your deliberations with these additional comments in mind. Of course, these comments should be taken by you in conjunction with all of the other instructions I have given you in this case.

After the jury was excused, appellant moved for a mistrial. The district court denied the mistrial motion. After fifteen minutes of additional deliberation, the jury returned a unanimous guilty verdict. Appellant again moved for a mistrial, which was denied. Appellant's later motion for a new trial was also denied.

■ Appellant argues that the district court's modified *Allen* charge, coming after a poll which identified a dissenting juror, coerced the jury. We may reverse only if we find that under the totality of the circumstances, either the poll or the *Allen* charge, or a combination of the two, was inherently coercive. *United States v. Brokemond*, 959 F.2d 206, 208, 210 (11th Cir.1992), citing *United States v. Norton*, 867 F.2d 1354, 1365–66 (11th Cir.1989), *cert. denied*, 491 U.S. 907, 109 S.Ct. 3192, 105 L.Ed.2d 701 (1989), and *cert. denied*, 493 U.S. 871, 110 S.Ct. 200, 107 L.Ed.2d 154 (1989).

Appellant relies on *United States v. Spitz*, 696 F.2d 916, 917–18 (11th Cir.1983). In *Spitz*, the district court polled all twelve jurors about their verdicts. The first seven jurors responded guilty. The eighth juror responded not guilty. The last four jurors responded guilty. After the poll, the trial court issued a modified *Allen* charge. The jury returned a unanimous guilty verdict thirty minutes later. This court reversed Spitz's conviction, finding that the trial court committed error by continuing the jury poll after a lack of unanimity was revealed. *Id.* at 918. We held, "[t]he questioning of the remaining jurors after [the dissenter] stated that the published verdict was not her verdict could have been perceived as attempted coercion of her." *Id.* at 918. Our narrow holding in *Spitz* distinguishes it from the instant case. We reversed *Spitz* solely because of the trial court's comprehensive jury poll. *Spitz* does not apply here because in this case, the district court ceased the poll as soon as it revealed a lack of unanimity.

The instant case is more akin to a civil case from the former Fifth Circuit, *Brooks v. Bay State Abrasive Products, Inc.*, 516 F.2d 1003

(5th Cir.1975).[2] In *Brooks,* the jury returned a verdict in favor of the defendant. A subsequent poll of the jury showed that the verdict was not unanimous. After receiving an *Allen* charge, the jury returned to its deliberations and shortly thereafter returned with a unanimous verdict. The Fifth Circuit affirmed, holding that the "safeguards inherent in the language of the properly worded charge here under consideration, adequately protected the appellant in the circumstances of this case." *Id.* at 1004.

■ Based on our review of the record, we are convinced that the *Allen* charge and jury polling in this case, considered both separately and in conjunction with each other, were not coercive. The careful wording of the district court's charge and the court's cessation of the jury poll once lack of unanimity was evident avoided any implication of coercion. The speed with which the jury returned its verdict after receiving the modified *Allen* charge does not change our decision. *See Brooks,* 516 F.2d at 1004.

## II.

■ Appellant also contends the district court erred by refusing to issue a downward departure under the Federal Sentencing Guidelines. Section 5K2.13 of the Federal Sentencing Guidelines provides:

> If the defendant committed a non-violent offense while suffering from significantly reduced mental capacity not resulting from voluntary use of drugs or other intoxicants, a lower sentence may be warranted to reflect the extent to which reduced mental capacity contributed to the commission of the offense ...

This court may review a sentencing court's refusal to make a downward departure under § 5K2.13 only if the court's refusal was based upon a misapprehension of its own discretionary authority to depart downward. *United States v. Patterson,* 15 F.3d 169, 171 (11th Cir.1994). Here, the district court refused to grant the departure because it found insufficient evidence to prove that appellant's

reduced mental capacity contributed to the commission of the convicted offense. The district court clearly understood its authority to depart downward. Under *Patterson,* we are unable to review the district court's refusal to depart downward.

AFFIRMED.

**2.** In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.