UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                  No. 96-4627

ANTHONY MARCELLUS BAKER,
Defendant-Appellant.

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Peter J. Messitte, District Judge.
(CR-94-361-PJM)

Submitted: June 3, 1997

Decided: August 28, 1997

Before WILKINS, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Kenneth M. Robinson, THE ROBINSON LAW FIRM, Washington,
D.C., for Appellant. Lynne A. Battaglia, United States Attorney, San-
dra Wilkinson, Assistant United States Attorney, Greenbelt, Mary-
land, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Anthony Marcellus Baker appeals from his conviction of being a felon in possession of a firearm, 18 U.S.C. § 922(g) (1994), for which he was sentenced to 240 months imprisonment. Baker claims, first, that he was improperly cross-examined by the Government concerning his pre-trial silence in violation of Doyle v. Ohio, 426 U.S. 610 (1976); and, second, that the trial judge coerced the jury into rendering its verdict. Finding no error, we affirm.

United States Park Police stopped Baker in January 1994 for running a red light. The officer noticed a bulge in Baker's pants which turned out to be a .32 caliber handgun. Baker fled the scene before he was arrested and was not indicted until September 1994. The district court granted Baker's motion to suppress the firearm on the grounds that the scope of the search was over-broad. Baker did not testify at the suppression hearing. This court reversed the district court, finding that it had improperly granted the motion to suppress. United States v. Baker, 78 F.3d 135, 138 (4th Cir. 1996). Baker was then tried by a jury.

Baker testified at his trial, giving contradictory testimony concerning the events on the evening he was stopped by the park police. On cross-examination, the Government's attorney asked Baker, in referring to the hearing on Baker's suppression motion, "Now, Mr. Baker, you didn't testify at that December hearing, did you?" Baker's objection was sustained, and the district court gave a limiting instruction, admonishing the jury not to consider Baker's prior silence as evidence and not to draw any inference from the question or the answer. The following exchange then took place:

> Q. Mr. Baker, between the time of your arrest and the charges in this case, until today . . . have you told anyone from law enforcement, myself included, this story that you told the jury here today?
>
> A. Nobody from law enforcement, no.

2

Q. In fact, this is the first time that we've heard this story, isn't it, Mr. Baker?

A. This was the first time I chose to testify.

Baker did not object to this line of questioning. Following Baker's testimony, the defense rested.

The jury began deliberating at 11:50 a.m. on Friday. At 3:35 that afternoon, the jury sent a note to the judge stating that it was deadlocked. The judge denied Baker's motion for a mistrial, instead sending a note to the jury to "Please continue your deliberations and please save this note." At 5:40 p.m., the jury sent another note stating that it was still deadlocked and that "Juror No. 5 and No. 2 have been excused for next week." Before excusing the jury for the weekend, the judge stated that jurors 2 and 5 would not be excused because "this case will take priority." On Monday morning, the judge issued a modified Allen[1] charge. The jury recessed at 10:10 a.m. and at 10:51 a.m. announced it had reached a verdict. Baker appeals his conviction.

a. Doyle claim. Baker first claims that he was deprived of a fair trial by the Government's questioning on cross-examination both as to his failure to testify at the suppression hearing and as to his failure to inform law enforcement authorities of his exculpatory explanation of the events surrounding his arrest. We find this claim to be without merit. Due process is not violated when a defendant who testifies in his own behalf is impeached with his prior silence. Raffel v. United States, 271 U.S. 494 (1926). The Supreme Court carved out an exception to this rule in Doyle v. Ohio, 426 U.S. 610 (1976), where it held that the Due Process Clause was violated by the use of the defendant's silence, at the time of arrest and after receiving Miranda[2] warnings, to impeach exculpatory testimony given for the first time at trial. Nevertheless, Baker's claim with respect to the prosecutor's questions regarding his failure to testify at the suppression hearing fails for two reasons.

---

**1 Allen v. United States**, 164 U.S. 492 (1896).

**2 Miranda v. Arizona**, 384 U.S. 346 (1966).

3

First, the Supreme Court has held that limited questioning concerning a defendant's prior silence, followed by a curative instruction and the absence of improper closing argument, does not violate Doyle. Greer v. Miller, 483 U.S. 756 (1987). Here, the district court sustained Baker's objection and quickly gave a curative instruction. Further, the prosecutor made no reference to Baker's silence at the suppression hearing in her closing argument.

Second, there is no Doyle error where the defendant was not given Miranda warnings. Fletcher v. Weir, 455 U.S. 603, 607 (1982) ("In the absence of the sort of affirmative assurances embodied in the Miranda warnings, we do not believe that it violates due process of law for a State to permit cross-examination as to postarrest silence when a defendant chooses to take the stand."); see also Jenkins v. Anderson, 447 U.S. 231, 240-41 (1980) (the use of prearrest silence to impeach a defendant's credibility does not violate the Constitution). Baker was never Mirandized--he fled the scene before he was arrested and was indicted nine months later, only after the park police officer identified him at an unrelated traffic stop. Baker voluntarily surrendered to the United States Marshal's Office and was never questioned by the police.

Baker did not object to the second line of questioning by the prosecutor. Accordingly, he waived appellate review of this claim, absent plain error. Fed. R. Crim. P. 52; United States v. Olano, 507 U.S. 725 (1993). Baker cannot show any error--much less, plain error--because, under Fletcher, the prosecutor's questions were not improper.

b. Allen charge. Baker claims that the judge improperly coerced the jury to render a verdict by (1) giving a modified Allen charge after the jury had twice indicated it was deadlocked and (2) failing to apprise Baker of the jury's numerical split prior to giving the modified Allen charge.

The necessity, extent, and character of any supplemental instructions are matters within the district court's discretion. United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990). The district court may provide a deadlocked jury with a modified Allen charge as long as the charge was fair, neutral, and balanced. See United States v. Sawyers, 423 F.2d 1335, 1342 n.7 (4th Cir. 1970) (setting forth an acceptable modified Allen charge).

4

The judge instructed all members of the jury--minority and majority--to reconsider their views in light of the opinions of the other side. Additionally, Baker's jury was instructed: "none of you should surrender your honest conviction as to the weight or effect of the evidence solely because of the opinion of your fellow jurors or for the mere purpose of returning a verdict." We find that the instruction was substantially similar to the instruction approved by this court in Sawyers, 423 F.2d at 1342, and, therefore, was not unduly coercive.

Baker claims that the fact that the jury took only forty-one minutes to reach a verdict establishes that it was coerced by the supplemental instruction. However, the speed with which a jury returns a verdict after receiving a modified Allen charge is not decisive. See, e.g., Lowenfield v. Phelps, 484 U.S. 231 (1988) (fact that jury returned its verdict thirty minutes after the court gave a supplemental instruction was not coercive); United States v. Chigbo, 38 F.3d 543, 546 (11th Cir. 1994) (affirming conviction when verdict returned fifteen minutes after the instruction). The fact that the jury deliberated forty-one minutes after receiving the modified Allen charge suggests that the jury listened to the others' viewpoints rather than the minority simply being coerced into agreeing with the majority. Cf. United States v. Rogers, 289 F.2d 433, 436 (4th Cir. 1961) (verdict few minutes after Allen charge "hardly long enough to have permitted a painstaking re-examination of the views which the minority had held steadfastly until the charge was given").

Finally, Baker claims that the district court committed reversible error by failing to disclose the numerical split in the jury (nine to three) when it announced for the second time that it was deadlocked. We disagree. A modified Allen charge following disclosure of the jury split is not inherently coercive. See United States v. Lorenzo, 43 F.3d 1303, 1307 (9th Cir. 1995) (Allen charge following disclosure to district court judge of numerical split held permissible); United States v. Elkins, 885 F.2d 775, 784 (11th Cir. 1989) (same).

Accordingly, we affirm Baker's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

AFFIRMED

5