[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 7, 2009
THOMAS K. KAHN
CLERK

No. 09-11653
Non-Argument Calendar
_____

D. C. Docket No. 07-00217-CR-ORL-28DAB

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ALEXIS ARCE-NEGRON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(October 7, 2009)

Before EDMONDSON, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Alexis Arce-Negron appeals from his 120-month sentence imposed for conspiracy to possess with the intent to distribute five or more kilograms of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) and (b)(1)(A). On appeal, he

argues that the district court erred by: (1) misapprehending its authority to depart downward from the sentencing guideline range when it denied his motion for a downward departure; and (2) denying his request to adjust his guideline range based on sentencing factor manipulation and sentencing entrapment. After thorough review, we affirm.

We generally lack the authority to review a district court's refusal to issue a downward departure under the Sentencing Guidelines. United States v. Chigbo, 38 F.3d 543, 546 (11th Cir. 1994). However, we may review a district court's refusal to make a downward departure if it was based on the court's misapprehension of its statutory authority to depart from the sentencing guideline range. United States v. Fossett, 881 F.2d 976, 979 (11th Cir. 1989).[1] We review a district court's factual findings for clear error and its application of the Sentencing Guidelines to those facts de novo. United States v. Kinard, 472 F.3d 1294, 1297 n.3 (11th Cir. 2006).

First, we are unpersuaded by Arce-Negron's claim that the district court mistakenly believed that it did not have the authority to depart downward from his criminal history category based on "over-representation of criminal history, sentencing manipulation, and unwarranted sentencing disparity." When deciding

---

[1] After United States v. Booker, 543 U.S. 220 (2005), we still cannot review a district court's decision not to apply a downward departure, except to the extent noted in Fossett. United States v. Winingear, 422 F.3d 1241, 1245 (11th Cir. 2005).

whether to depart downward from the defendant's criminal history category, the district court may consider "reliable information [which] indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes." U.S.S.G. § 4A1.3(b)(1).

Here, the district court did not erroneously believe that it lacked the authority to depart downward, and therefore, its refusal to depart may not be reviewed on appeal. As the record shows, the district court specifically stated that it had the authority to depart downward but found no "valid basis to find that the criminal history category [was] overstated." In other words, the district court refused to grant the departure because it did not find reliable information that Arce-Negron's criminal history category substantially over-represented the seriousness of his criminal history. U.S.S.G. § 4A1.3(b)(1). In making this finding, the district court did not need to consider irrelevant information such as Arce-Negron's arguments about the disparity of his sentence with his codefendant and sentence manipulation by the government. See id. Accordingly, the district court understood its authority to depart from the guidelines, and we may not review its refusal to make a downward departure. See Chigbo, 38 F.3d at 546.

We also reject Arce-Negron's argument that the district court erred by refusing to adjust his guideline range based on his contention that the government engaged in sentencing manipulation or sentencing entrapment. As an initial matter, we do not recognize sentencing entrapment as a viable defense. United States v. Sanchez, 138 F.3d 1410, 1414 (11th Cir. 1998). Therefore, Arce-Negron's claim based on sentencing entrapment fails as a matter of law, id., and the only issue is whether the district court erred in not adjusting Arce-Negron's sentence based on sentencing manipulation.

"[S]entencing factor manipulation occurs when the government's manipulation of a sting operation, even if insufficient to support a due process claim, requires that the manipulation be filtered out of the sentencing calculus." United States v. Ciszkowski, 492 F.3d 1264, 1270 (11th Cir. 2007). As we have explained, "an adjustment for sentencing factor manipulation is not a departure." Id. The party raising the defense bears the "burden of establishing that the government's conduct is sufficiently reprehensible to constitute sentencing factor manipulation." Id. at 1271. "Government infiltration of criminal activity is a recognized and permissible means of investigation . . .The fact that government agents may supply or sell illegal drugs or provide other essential services does not

4

necessarily constitute misconduct." <u>Sanchez</u>, 138 F.3d at 1413 (internal citations omitted).

Based on Arce-Negron's own admission at the sentencing hearing that the informant did not encourage him to purchase more cocaine and that he was aware of the possibility of purchasing five kilograms, Arce-Negron has not shown how the government's conduct was "sufficiently reprehensible" and thereby had the effect of increasing his sentence. <u>See</u> <u>Ciszkowski</u>, 492 F.3d at 1271. Thus, the district court did not err in denying Arce-Negron's motion.

**AFFIRMED.**