[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-13986
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 5, 2011
JOHN LEY
CLERK

D.C. Docket No. 6:10-cr-00035-JA-GJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RAMIRET B. DAVIS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(August 5, 2011)

Before BARKETT, MARCUS and FAY, Circuit Judges.

PER CURIAM:

Ramiret Davis appeals his convictions for conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 371 (Count One), Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), (b) and 18 U.S.C. § 2 (Count Two), and carrying and possessing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A), (c)(1)(C), (c)(3) and 18 U.S.C. § 2 (Count Three). On appeal, Davis argues that the district court gave a supplemental jury instruction, in the form of an Allen charge,[1] that was coercive because the jury may have misheard or misunderstood the instructions. After careful review, we affirm.

Ordinarily, our review of "a district court's decision to give an Allen charge is limited to evaluating the coercive impact of the charge." United States v. Trujillo, 146 F.3d 838, 846 (11th Cir. 1998). We will reverse only if we find under the totality of the circumstances that the charge was inherently coercive. United States v. Chigbo, 38 F.3d 543, 545 (11th Cir. 1994). "However, when a party agrees with a court's proposed instructions, the doctrine of invited error applies, meaning that review is waived even if plain error would result." United States v. Frank, 599 F.3d 1221, 1240 (11th Cir. 2010); see also United States v. Silvestri, 409 F.3d 1311, 1337 (11th Cir. 2005) (holding that the defendant waived the right to review where defense

---

[1] "An 'Allen charge' is a trial court's admonition to a deadlocked jury, instructing it to make further attempts to reach a verdict." United States v. Polar, 369 F.3d 1248, 1254 (11th Cir. 2004) (referring to Allen v. United States, 164 U.S. 492 (1896)).

counsel stated that the jury instructions "covered the bases"); United States v. Fulford, 267 F.3d 1241, 1247 (11th Cir. 2001) (holding that the defendant invited the error when defense counsel indicated the jury instructions were "acceptable" to him).

In this case, Davis did more than simply fail to object to the use of the modified Allen charge. After hearing the proposed jury instructions, defense counsel stated, "I certainly don't have any problem with the instruction itself." This is analogous to the statements in Fulford that the instructions were "acceptable" to defense counsel. Here, defense counsel only stated that he was unclear on whether the jury note from the previous day indicated that the jury was already deadlocked, and if so, he "wonder[ed]" whether "an Allen charge would be necessary or would help under the circumstances." After the court informed defense counsel that it was not under the impression that the jury was already deadlocked since they asked to resume deliberations after their break, defense counsel did not raise any additional concerns. With regard to the additional language proposed by the court, not only did defense counsel state he had no objections to this language, when the court asked if the parties specifically agreed, defense counsel stated, "Yes, Your Honor." By expressly agreeing to the modified Allen charge, defense counsel invited the error. Frank, 599 F.3d at 1240. Therefore, Davis has waived review of any such error on appeal. Accordingly, we affirm his convictions.

**AFFIRMED.**