[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JAN 20, 2012
JOHN LEY
CLERK

No.  11-11392
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00309-MMH-JBT-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY LEE MILLER,

Defendant-Appellant.


_____

No. 11-11398
Non-Argument Calendar

_____

D.C. Docket No. 3:09-cr-00312-MMH-TEM-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHRISTOPHER REID,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Middle District of Florida
_____

(January 20, 2012)

Before TJOFLAT, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

At the conclusion of an eight-day trial, a Middle District of Florida jury, following deliberations on the ninth day, found Timothy Miller and Christopher Reid guilty on all counts of a ten-count superceding indictment alleging one count of conspiracy to commit mail and wire fraud, in violation of 18 U.S.C. § 1349; five counts of mail fraud, in violation of 18 U.S.C. § 1341; and four counts of wire fraud, in violation of 18 U.S.C. § 1343.[1] The district court thereafter sentenced the

---

[1] The criminal conduct giving rise to these charges involved the submission of false information to lenders in applications for residential mortgages to the lenders to grant the mortgage loans.

2

two defendants to concurrent prison terms of 15 months each. They now appeal their convictions, contending that the district court effectively coerced the jury verdicts by giving the jury an *Allen*[2] charge after the jury reported a deadlock. The most obvious factor suggesting coercion, they submit, was the speed with which the verdict was returned following the *Allen* charge. Other evidence of coercion is (1) the giving of a prior charge urging continued deliberation; (2) the language of the final jury note reporting a deadlock; (3) the timing of the *Allen* charge; and (4) the language of the charge.

We review a district court's decision to give an *Allen* charge for abuse of discretion, and will find such an abuse only if the charge was inherently coercive. *See United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008). In conducting this assessment, we consider the language of the charge and the totality of the circumstances under which it was delivered. *Id.* Specifically, we have considered (1) whether the charge stated that no juror is expected to give up his or her honest belief as to the weight of the evidence; (2) whether the jury was polled before the charge; (3) whether the charge was given after a second notification from the jury that there was difficulty reaching a verdict; and (4) the amount of time between the giving of the charge and the announcement of the verdict. *See*

_____

[2] *Allen v. United States*, 164 U.S. 492, 17 S.Ct. 154, 41 L.Ed. 528 (1896).

3

*United States v. Trujillo*, 146 F.3d 838, 846-47 (11th Cir. 1998) (finding no coercion when the language specifically requested that no juror was to give up his or her honest opinion of the evidence); *United States v. Chigbo*, 38 F.3d 543, 545–46 (11th Cir. 1994) (stating that polling itself, or in conjunction with an *Allen* charge, can be coercive and finding no coercion when the verdict was returned 15 minutes after the charge); *Woodard*, 531 F.3d at 1364 (finding no coercion when the charge was given after the jury's second notification, the jury was not polled before the charge, and the verdict was returned four hours after the charge).

Although we have acknowledged the potential for coercion in the pattern instructions,[3] *United States v. Dickerson*, 248 F.3d 1036, 1050 (11th Cir. 2001), we have approved the use of our pattern *Allen* charge on numerous occasions, *Woodard*, 531 F.3d at 1364. Accordingly, recognizing that we were bound by precedent, in the absence of other evidence of coercion, we have consistently upheld a district court's use of the pattern *Allen* instruction. *See, e.g., Dickerson*, 248 F.3d at 1050-51; *see also United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008) (noting that, under the prior precedent rule, a panel of this court is bound by prior precedent unless and until it is overruled or undermined to the

---

[3] *See* U.S. Eleventh Circuit District Judges Ass'n, Pattern Jury Instructions (Criminal Cases), Trial Instructions n.6 (West 1997) [hereinafter "Pattern Allen Instruction"].

4

point of abrogation by the Supreme Court or by this court sitting *en banc*).

Having examined the record, we conclude that district court did not abuse its discretion giving the *Allen* charge, as the charge was not inherently coercive. To the extent that Miller challenges the language of the charge itself, that argument is foreclosed, as we would be bound by our precedents repeatedly approving substantially similar language, unless and until they are overruled or undermined to the point of abrogation by the Supreme Court or by this court sitting *en banc*. *See Archer*, 531 F.3d at 1352.

The circumstances surrounding the giving of the charge also do not indicate coercion. We have held that neither repeated reports of deadlock by the jury, nor the giving of an *Allen* charge following an instruction merely urging the jury to continue its deliberations, are indicative of coercion. *See Woodard*, 531 F.3d at 1364. Any concern about the timing of the *Allen* charge, after 5:00 p.m. on a Friday, was ameliorated by the specific language of the court's charge instructing the jury that it could still decide not to return a verdict and that, even if it thought further deliberations would be worthwhile, it could retire for the evening and return on Monday to continue deliberating. Finally, turning to the speed with which the verdicts were returned, we have approved of the issuance of an *Allen* charge where the jury returned a verdict 15 minutes after the charge was given.

5

*See Chigbo*, 38 F.3d at 545–46.  The district court in *Chigbo* had also polled the jurors prior to issuing the charge, a more potentially coercive practice than any practice engaged in by the district court in this case.  *See Id*.  While the time between the issuance of the charge and the return of the verdict here was shorter than in *Chigbo*, about eight minutes, that difference alone is not significant enough to conclude that, taken in the totality, the circumstances indicate an inherently coercive charge.  *See Woodard*, 531 F.3d at 1364.

AFFIRMED.