[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-13154
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 15, 2012
JOHN LEY
CLERK

D.C. Docket No. 8:10-cr-00252-JSM-TBM-3

UNITED STATES OF AMERICA,

                                                    Plaintiff-Appellee,

versus

WELLENGTON ROLANDO MACIAS LUCAS,

                                                    Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(June 15, 2012)

Before TJOFLAT, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

Wellengton Rolando Macias Lucas ("Macias Lucas") appeals his conviction for possession with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States, in violation of 46 U.S.C. § 70503(a)(1).[1]  On appeal, Macias Lucas argues that his conviction must be reversed because the district court lacked subject matter jurisdiction, the district court gave an erroneous jury instruction, and because the government, he claims, used evidence admitted only for impeachment as substantive evidence of his guilt.

We reject Macias Lucas's first argument that the district court lacked jurisdiction because the government failed to prove that the boat in which he was transporting cocaine was bound for the United States, because we have previously held that the offense codified at § 70503(a)(1) does not require the government to show a connection between the offense and United States territory in order to support subject matter jurisdiction, see United States v. Rendon, 354 F.3d 1320,

---

[1] 46 U.S.C. § 70503 provides, in relevant part,

(a) Prohibitions. An individual may not knowingly or intentionally manufacture or distribute, or possess with intent to manufacture or distribute, a controlled substance on board--
   (1) a vessel of the United States or a vessel subject to the jurisdiction of the United States[.]

It is undisputed in this case that Macias Lucas's vessel was "subject to the jurisdiction of the United States" within the meaning of the statute because it qualifies as a "vessel without nationality" pursuant to 46 U.S.C. § 70502(c), (d).

1325 (11th Cir. 2003), and we are bound by our prior precedent rule to apply that holding here.

Macias Lucas also contends that his conviction must be reversed because the district court, over objection by Macias Lucas, gave an <u>Allen</u> charge that differed in several respects from the wording outlined in this court's pattern <u>Allen</u> charge.[2]  A district court abuses its discretion in giving an <u>Allen</u> charge if, in light of "the language of the charge and the totality of the circumstances under which it was delivered," the charge was "inherently coercive."  <u>United States v. Woodard</u>, 531 F.3d 1352, 1364 (11th Cir. 2008).  This record does not contain the requisite evidence of coercion.  Among other things, the charge given was modeled on our court's pattern <u>Allen</u> instruction, and after the charge was given, the jury continued to deliberate for an additional ninety minutes before returning its verdict the next day.

Finally, Macias Lucas also argues that the government was erroneously permitted to use testimony admitted only for impeachment as substantive evidence of Macias Lucas's guilt, and that the prosecutor improperly vouched for the credibility of two of its witnesses.  However, the record reflects that the

---

[2] In an <u>Allen</u> charge, the judge instructs the jury to undertake further efforts to reach a verdict.  <u>United States v. Chigbo</u>, 38 F.3d 543, 544 (11th Cir. 1994) (per curiam).

prosecutor's use of this testimony was limited to challenging Macias Lucas's credibility as a witness.  Moreover, the prosecutor's assertion that two U.S. Coast Guard agents had no motive to lie when testifying did not impermissibly vouch for their credibility because it did not put the government's prestige or the prosecutor's personal imprimatur upon their credibility.  See United States v. Bernal-Benitez, 594 F.3d 1303, 1313-14 (11th Cir. 2010).

**AFFIRMED**