[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-13433
Non-Argument Calendar
_____

D.C. Docket No. 6:10-cr-00293-CEH-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD WILLIAM JONES,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 7, 2013)

Before CARNES, MARTIN, and FAY, Circuit Judges.

PER CURIAM:

Ronald Williams Jones was indicted on four counts: possession and receipt of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1) (Count 1); possession of a firearm with an obliterated serial number, in violation of 18 U.S.C. § 922(k) (Count 2); distribution and possession with intent to distribute five or more grams of crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B) (Count 3); and possession of a firearm in furtherance of the drug trafficking crime charged in Count 3, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 4). Jones proceeded to trial, and the jury found him guilty on all four counts. The district court entered judgment on the verdict and sentenced Jones to concurrent 92-month terms of imprisonment on Counts 1 and 3, a 60-month concurrent term of imprisonment on Count 2, and a consecutive 60-month term of imprisonment on Count 4, for a total of 152 months.

Jones challenges his conviction on Count 4, contending that the district court abused its discretion by giving an Allen charge on that count.[1] Jones also asserts that the judgment of conviction incorrectly describes the offense in Count 4, and the case should be remanded for the correction of that clerical error.

I.

---

[1] Jones alternatively argues that the district court should have dismissed Count 4 because § 924(c) violates the Commerce Clause, but he acknowledges that this Court's precedent forecloses that argument. See United States v. Belfast, 611 F.3d 783, 815 (11th Cir. 2010) ("We have held repeatedly that § 924(c), on its face, is a constitutional exercise of Congress's power under the Commerce Clause.").

2

Jones argues that the <u>Allen</u> charge on Count Four was premature and coercive.[2]  The jury had been deliberating for about two hours when it submitted to the court a statement and a question:  "We agree on Counts 1 through 3.  What happens if we can't agree on Count 4?"  The district court proposed giving an <u>Allen</u> charge.  Jones objected to that and asked the court to declare a mistrial on Count 4 because there would be no point in further deliberations:

> [W]e would request that we accept the verdicts as to 1, 2, and 3.  And if they've already indicated that they can't reach a decision as to Count 4, ask for a finding of a hung jury and declare a mistrial as to Count 4 at this point.  We would take the position we don't see any additional benefit in sending them back into the deliberations room to try to reach an agreement as to Count 4, so we would object to an <u>Allen</u> charge at this time.

Jones now argues that the charge was premature because when it was given, the jury had deliberated for only two hours and had not indicated that it was deadlocked.  Jones also points out that after the court gave the charge, the jury returned a verdict in about thirty minutes.

We normally review a district court's decision to give an <u>Allen</u> charge for abuse of discretion and will find an abuse only if the charge was "inherently coercive."  <u>United States v. Woodard</u>, 531 F.3d 1352, 1364 (11th Cir. 2008).  Jones

---

[2] "An '<u>Allen</u> charge' is a trial court's admonition to a deadlocked jury, instructing it to make further attempts to reach a verdict."  <u>United States v. Polar</u>, 369 F.3d 1248, 1254 (11th Cir. 2004).

asserts that he preserved his argument in the district court, and an abuse of discretion standard of review applies.  The government argues that Jones has raised an argument on appeal that is different from the one he made in the district court, so the district court's decision to give the Allen charge should be reviewed only for plain error.  See United States v. Sorondo, 845 F.2d 945, 949 (11th Cir. 1988) ("[I]t is clear that the plain error rule must apply when, as here, a party states an inaccurate objection just as when a party states no objection at all."); United States v. Gallo-Chamorro, 48 F.3d 502, 507 (11th Cir. 1995) ("To preserve an issue for appeal, a general objection or an objection on other grounds will not suffice."). We need not resolve the parties' dispute over the standard of review, however, because under either standard, Jones' argument fails.

In reviewing a district court's decision to give an Allen charge, we look at the language of the charge and the totality of the circumstances under which it was given.  Woodard, 531 F.3d at 1364.  Specifically, we consider factors such as (1) whether the charge instructed the jurors that they are not expected to give up their honest beliefs about the weight of the evidence; (2) whether the jury was polled before the charge was given; (3) whether the charge was given after a second notification from the jury that there was difficulty reaching a verdict; and (4) the amount of time between giving the charge and the announcement of the verdict. Id.

4

In the present case, the modified pattern charge given by the district court stated that "no juror is expected to give up an honest belief about the weight and effect of the evidence."[3]  The jury was not polled before the charge was given, reducing the risk of any coercion.  See United States v. Trujillo, 146 F.3d 838, 846–47 (11th Cir. 1998); United States v. Chigbo, 38 F.3d 543, 545–46 (11th Cir. 1994).  It is true that the Allen charge was given after just one statement from the jury that it was having trouble reaching a verdict on Count Four, and only 30 minutes passed between when the charge was given and when the jury returned its verdict.  Still, in light of Jones' argument to the district court that there was no point in further jury deliberation and the fact that the jury had already decided three of the four counts, there was no error in the court's decision to give the Allen charge when it did.  See Chigbo, 38 F.3d at 546 (concluding that when the jury returned a verdict thirty minutes after the Allen charge was given, "[t]he speed with which the jury returned its verdict after receiving the modified Allen charge does not change our decision.").

## II.

Jones requests correction of the phrasing of the judgment of conviction on Count Four to reflect the charge in his indictment.  The judgment describes Jones'

---

[3] Jones does not challenge the substance of the Allen charge.  The district court modified the standard charge merely to refer to a "count" instead of the entire "case."  "We have approved the use of the Eleventh Circuit pattern Allen charge on numerous occasions."  United States v. Woodard, 531 F.3d 1352, 1364 (11th Cir. 2008).

5

offense as "Possession of a Firearm During and in Relation to a Drug Trafficking Crime." Jones was indicted for and found guilty of possession of a firearm "in furtherance of a drug trafficking crime."

If a final judgment contains a clerical error, we may remand with instructions to correct it. United States v. James, 642 F.3d 1333, 1343 (11th Cir. 2011). It is undisputed that the court's description of the offense in Count Four of the final judgment was a clerical error, and we remand for the limited purpose of correcting it.

**AFFIRMED IN PART AND REMANDED IN PART.**