**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 16-4506**

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

          v.

ROGER HEDILBERTO MERAZ-FUGON,

                    Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, District Judge.  (1:16-cr-00018-LO-1)

Submitted: January 31, 2017          Decided: February 10, 2017

Before FLOYD and HARRIS, Circuit Judges, and DAVIS, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Todd M. Richman, Assistant Federal Public Defender, Alexandria, Virginia, for Appellant.  Dana J. Boente, United States Attorney, Jonathan P. Robell, Special Assistant United States Attorney, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Roger Hedilberto Meraz-Fugon of importation of cocaine, in violation of 21 U.S.C. § 952(a) (2012). The district court sentenced Meraz-Fugon to 16 months in prison and 3 years of supervised release. Meraz-Fugon appeals, asserting that the trial court erred in (1) declining to instruct the jury on his theory of defense; giving a coercive jury charge of the type condemned in Allen v. United States, 164 U.S. 492 (1896); (3) responding to several questions from the jury; and (4) permitting the cumulative effect of these errors to deprive him a fair trial. Finding no error, we affirm.

"In general, we defer to a district court's decision to withhold a defense in a proposed jury instruction in light of that court's superior position to evaluate evidence and formulate the jury instruction." United States v. Powell, 680 F.3d 350, 356 (4th Cir. 2012) (alterations and internal quotation marks omitted). Reversible error in refusing to give such an instruction results "only when the instruction (1) was correct; (2) was not substantially covered by the court's charge to the jury; and (3) dealt with some point in the trial so important, that failure to give the requested instruction seriously impaired the defendant's ability to conduct his defense." United States v. Passaro, 577 F.3d 207, 221 (4th Cir. 2009) (internal quotation marks omitted). A "district court

2

d[oes] not abuse its discretion" by refusing to give a proposed instruction that was "clearly covered by the instructions given," just because "a more specific instruction might have been desirable to" the defendant. United States v. Green, 599 F.3d 360, 378 (4th Cir. 2010). Here, assuming arguendo that Meraz-Fugon's proposed instruction was a correct statement of the law, we conclude that the substance of the instruction was substantially covered by the instructions given to the jury and that the district court's failure to give the requested instruction did not impair Meraz-Fugon's ability to conduct his defense.

Next, Meraz-Fugon contends that the district court gave a coercive Allen charge after the jury informed the court that it was deadlocked and could not reach a verdict. He argues that the Allen charge given was coercive to jurors in the minority and that the instruction improperly made reference to the costs of retrial. We review the content of an Allen charge for abuse of discretion. United States v. Cornell, 780 F.3d 616, 625 (4th Cir. 2015), cert. denied, 136 S. Ct. 127 (2015). In determining whether an Allen charge has an impermissible coercive effect on jury deliberations, we consider the content of the instruction as well as the context. Jenkins v. United States, 380 U.S. 445, 446 (1965).

The traditional, "pure" <u>Allen</u> charge, "informed the jury (1) that a new trial would be expensive for both sides; (2) that there is no reason to believe that another jury would do a better job; (3) that it is important that a unanimous verdict be reached; and (4) that jurors in the minority should consider whether the majority's position is correct." <u>United States v. Burgos</u>, 55 F.3d 933, 936 (4th Cir. 1995). Based on the concern that the instruction to the minority members may be coercive, this Court has "strongly recommended" the modification of any <u>Allen</u> charge to "address all jurors, both in the minority and in the majority, to give equal consideration to each other's views" so that the charge is "less coercive with respect to jurors in the minority." <u>United States v. Hylton</u>, 349 F.3d 781, 788 (4th Cir. 2003) (internal quotation marks omitted). "The principal concern" in reviewing <u>Allen</u> charges "is to ensure that they apply pressure to the jury in a way that preserves all jurors' independent judgments and that they do so in a balanced manner." <u>Id</u>. Thus, "an <u>Allen</u> charge must not coerce the jury, and it must be fair, neutral and balanced." <u>United States v. Cropp</u>, 127 F.3d 354, 359-60 (4th Cir. 1997).

After reviewing the record, we conclude that the district court's charge was fair, neutral and balanced and was not coercive to the minority jurors. The district court's brief reference to the costs of a retrial "did not place undue

4

emphasis on this factor when considered in the context of the entire instruction[;] [n]or was it unduly coercive." United States v. West, 877 F.2d 281, 291 (4th Cir. 1989). Nor did the district court judge's knowledge of the jury's numerical division render the charge coercive in this instance, particularly in light of the fact that the jury's note indicating they were divided did not identify whether the majority favored conviction or acquittal. Furthermore, supplemental instructions by the court and further deliberation by the jury occurred between receipt of that note and the note triggering the Allen charge. Finally, the speed with which a jury returns a verdict after receiving a modified Allen charge is not decisive. See, e.g., Lowenfield v. Phelps, 484 U.S. 231, 235, 240-41 (1988) (fact that jury returned its verdict 30 minutes after court gave supplemental instruction was not necessarily indicative of coercion); United States v. Chigbo, 38 F.3d 543, 545-46 (11th Cir. 1994) (affirming conviction when verdict returned 15 minutes after the instruction).

Next, Meraz-Fugon argues that the district court's answers to the jury's questions (1) created confusion and improperly steered the jury away from considering his theory of defense and (2) failed to give him the opportunity to address the jury regarding the supplemental instructions. This Court reviews the form and content of a district court's response to the jury's

5

question for an abuse of discretion. United States v. Burgess, 684 F.3d 445, 453 (4th Cir. 2012). "[T]he necessity, extent and character of any supplemental instructions to the jury are matters within the sound discretion of the district court." United States v. Horton, 921 F.2d 540, 546 (4th Cir. 1990) (citations omitted). "[T]he trial court must take care, in responding to a jury question, not to encroach upon its fact-finding power." United States v. Cooper, 482 F.3d 658, 664 (4th Cir. 2007). "In responding to a jury's request for clarification on a charge, the district court's duty is simply to respond to the jury's apparent source of confusion fairly and accurately without creating prejudice." United States v. Foster, 507 F.3d 233, 244 (4th Cir. 2007) (brackets and internal quotation marks omitted). "An error requires reversal only if it is prejudicial in the context of the record as a whole." Id.

We have reviewed the record and conclude that the trial court's supplemental instructions were neither incorrect nor misleading. Meraz-Fugon, who never sought an opportunity below to address the jury concerning the supplemental instructions, has failed to demonstrate any prejudice caused by the lack of such opportunity.

Because we find no error, individually or cumulatively, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately

6

presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED