[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12237
Non-Argument Calendar

_____

D.C. Docket No. 4:17-cr-00057-CDL-MSH-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM GERALD PRUITT,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(February 24, 2021)

Before JORDAN, GRANT and BLACK, Circuit Judges.

PER CURIAM:

William Gerald Pruitt appeals his conviction for attempted coercion and enticement of a minor. Pruitt argues several of the prosecutor's statements during closing argument constituted prosecutorial misconduct, depriving Pruitt of his right to a fair trial. He also argues the district court abused its discretion by giving an *Allen*[1] charge to the jury because the modified charge was per se unconstitutional and the district court's introductory comments were inherently coercive. After review, we affirm.

## I. DISCUSSION

*A. Prosecutor's Statements*

We generally review allegations of prosecutorial misconduct de novo, but we review for plain error where a defendant failed to object during the prosecutor's closing arguments.[2] *United States v. Feldman*, 936 F.3d 1288, 1302 (11th Cir. 2019). To establish prosecutorial misconduct, the remarks must be improper and must prejudicially affect the substantial rights of the defendant. *United States v. Lopez*, 590 F.3d 1238, 1256 (11th Cir. 2009). A defendant's substantial rights are affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different. *Id.*

---

[1] *Allen v. United States*, 164 U.S. 492, 17 S. Ct. 154 (1896).

[2] Under plain-error review, the defendant must demonstrate that (1) an error occurred, (2) the error was plain, and (3) the error affected substantial rights. *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).

While Pruitt challenges several of the prosecutor's comments, only two of the challenged comments were objected to below.  Accordingly, we review de novo Pruitt's challenges to the prosecutor's comment that he had never heard a worse story than the one Pruitt told and the comment telling the jury to ask themselves whether defense counsel believed her own defense; we review the other comments for plain error.  *See Feldman*, 936 F.3d at 1302.

Pruitt has failed to cite any on-point cases from this Court or the Supreme Court showing the specific comments reviewed for plain error were improper.  Thus, none of those challenged comments can constitute error that was plain.  *See United States v. Hesser*, 800 F.3d 1310, 1325 (11th Cir. 2015).

Regarding the comments reviewed de novo, we find no reversible error.  Any prejudicial effect from the prosecutor's statement that Pruitt's story was the worst story he had ever heard from the witness stand was diminished by the district court's instruction that the prosecutor could not give his personal opinion as to whether he believed Pruitt's testimony and the court's later instructions before and after closing arguments that anything said by the attorneys did not constitute evidence.  The prosecutor's comment that he was embarrassed for defense counsel and instructing the jury to ask themselves if she really believes her defense argument did not mislead the jury.  The comment was a fair rebuttal to defense counsel's arguments in closing and was remarking on defense counsel's failure to

3

adequately counter the evidence presented.  *See United States v. Reeves*, 742 F.3d 487, 505 (11th Cir. 2014); *United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998).  Further, the challenged comments were not extensive in the context of the trial, as they occurred only within closing arguments.  *See Lopez*, 590 F.3d at 1256.

Even though the jury deliberated on Count 2 for three days before reaching a verdict, the strength of the evidence establishing Pruitt's guilt,[3] a factor in evaluating prejudice, weighs heavily in the Government's favor and renders any potential error harmless.  *See id.*  Furthermore, the jury found Pruitt not guilty of Count 1, demonstrating that Pruitt was not prejudiced by the prosecutor's remarks. *See United States v. Rodriguez*, 765 F.2d 1546, 1560 (11th Cir. 1985).

Thus, the prosecutor's remarks in his closing argument did not constitute prosecutorial misconduct because they did not prejudice Pruitt's substantial rights; any error, plain or otherwise, was harmless.

B. Allen *Charge*

Generally, we review the district court's use of an *Allen* charge for abuse of discretion and will hold that a court abused its discretion only if the charge was

---

[3] The evidence showed Pruitt initiated contact with a person he believed to be a 14-year-old girl, was seeking sexual contact with her, and attempted to persuade her to engage in illegal sexual conduct with him via text message.  *See United States v. Rutgerson*, 822 F.3d 1223, 1233 (11th Cir. 2016).

4

inherently coercive. *See United States v. Woodard*, 531 F.3d 1352, 1364 (11th Cir. 2008). In giving an *Allen* charge, the district court "instructs a deadlocked jury to undertake further efforts to reach a verdict." *United States v. Bush*, 727 F.3d 1308, 1311 n.1 (11th Cir. 2013) (quoting *United States v. Chigbo*, 38 F.3d 543, 544 n.1 (11th Cir. 1994)). This Court has noted its approval of the Eleventh Circuit pattern jury instruction for a modified *Allen* charge, stating it is not, based on its language alone, inherently coercive. *Bush*, 727 F.3d at 1320; *Woodard*, 531 F.3d at 1364. "In assessing whether the charge was coercive, we consider the language of the charge and the totality of the circumstances under which it was delivered, e.g., whether the court conducted a full poll of the jury before giving the charge and the amount of time between the delivery of the charge and the return of the jury's verdict." *Woodard*, 531 F.3d at 1364 (citing *Chigbo*, 38 F.3d at 545; *United States v. Rey*, 811 F.2d 1453, 1460 (11th Cir. 1987)).

Pruitt's argument that the modified pattern *Allen* charge referencing the expense of a retrial is unconstitutional per se is foreclosed by this Court's precedent. *See Bush*, 727 F.3d at 1320; *Woodard*, 531 F.3d at 1364. The *Allen* charge given by the district court was identical to the one approved by this Court and the charge included a reminder that no juror is expected to give up an honest belief about the evidence or be hurried in deliberations. *See United States v. Trujillo*, 146 F.3d 838, 846-47 (11th Cir. 1998).

5

The totality of the circumstances surrounding the *Allen* charge does not indicate that it was coercive. There was no polling of the jury prior to the charge. *Woodard*, 531 F.3d at 1364. The time between the *Allen* charge and the verdict being around three hours does not indicate coercion. *Chigbo*, 38 F.3d at 545-46 (concluding there was no coercion even though the jury returned only 15 minutes after receiving a modified *Allen* charge). The district court's comment before the *Allen* charge that the jury had the choice, at this stage, to either quit or move forward did not render the charge inherently coercive because it did not appear to give the jury no choice but to return a verdict. *See United States v. Jones*, 504 F.3d 1218, 1219 (11th Cir. 2007). The comment was not partial or one-sided and it did not state or imply a personal attack on the jury members for failing to reach a verdict. *See Posey v. United States*, 416 F.2d 545, 552 (5th Cir. 1969). In light of the language of the *Allen* charge and the lack of any circumstances indicating coercion, the district court did not abuse its discretion by giving the *Allen* charge.

## II. CONCLUSION

The prosecutor's statements during closing argument did not constitute reversible error, and the district court did not abuse its discretion by giving an *Allen* charge. Accordingly, we affirm Pruitt's conviction.

**AFFIRMED.**